UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

MUIN ISHANKULOV,

        Plaintiff,

  - against -

EAST COAST STORAGE EQUIPMENT CO.,

        Defendant/Third-Party Plaintiff,

  - against -

M&E CUSTOM DRYWALL,

        Third-Party Defendant.

-------------------------------------------------------------X

**TRANSFER ORDER**
13-CV-6551 (RRM) (CLP)

ROSLYNN R. MAUSKOPF, United States District Judge.

    On November 26, 2013, plaintiff Muin Ishankulov ("Ishankulov") filed this diversity-based complaint against defendant East Coast Storage Equipment Co. ("East Coast"), a New Jersey corporation, stemming from an allegedly tortious act that occurred in New Jersey. On January 21, 2014, East Coast filed its answer, and the parties then appeared before Magistrate Judge Pollak a number of times, both in person and telephonically. On July 18, 2014, pursuant to a schedule set by Judge Pollak, East Coast filed a letter requesting a pre-motion conference to consider its proposed motion to dismiss for lack of personal jurisdiction. (Doc. No. 13.)

    On July 24, 2014, Ishankulov filed a letter opposing East Coast's request and seeking to have venue transferred to the District of New Jersey. Ishankulov explained that, at the three most recent conferences before Judge Pollak, the parties had expressly agreed that if, upon conducting due diligence, Ishankulov determined that personal jurisdiction was lacking in this district, the parties would stipulate to transferring the case to the District of New Jersey. (Doc.

No. 14.)  East Coast did not file a response or otherwise challenge Ishankulov's statements in that July 24th letter.[1]

Under 28 U.S.C. § 1391(b), venue is proper in the judicial district where any defendant resides or where a substantial part of the events or omissions giving rise to the claim transpired.  28 U.S.C. § 1391(b).  East Coast is a New Jersey corporation, and the alleged tort occurred in a New Jersey factory.[2]  Venue is therefore inappropriate in the Eastern District of New York.

Moreover, under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  Considering the circumstances of this case, including the citizenship of the parties, the location of the alleged tort, and the parties' express agreement to transfer venue to the District of New Jersey, the interest of justice supports transferring venue there.

Accordingly, the Clerk of Court is hereby ORDERED, pursuant to 28 U.S.C. § 1404(a), to transfer this case to the United States District Court for the District of New Jersey.

---

[1] In its pre-motion conference letter, East Coast indicated that it was also seeking permission to institute a third-party action against M&E Custom Drywall ("M&E").  On September 26, 2014, East Coast filed a third-party complaint against M&E, (Doc. No. 15), which is located in New Jersey and appears to be a New Jersey corporation.  (*See* Doc. No. 16.)  M&E has not yet appeared in this action.

[2] As previously noted, third-party defendant M&E is evidently a New Jersey corporation as well.

The provision of Local Rule 83.1 that requires a seven-day delay is hereby waived.  Upon transferring the case, the Clerk is directed to close the case.

SO ORDERED.

*Roslynn R. Mauskopf*

Dated: Brooklyn, New York
       September 30, 2014   _____
                                   ROSLYNN R. MAUSKOPF
                                   United States District Judge